Upton vs. Johnston.

UPTON, Appellant, vs. JOHNSTON, Garnishee, Respondent.

*December 6, 1892 — January 10, 1893.*

*Garnishment: Joint enterprise or loan of money?*

The evidence in this case is *held* to sustain a finding of the trial court to the effect that by certain agreements between the principal defendant and the garnishee a joint adventure in buying and selling lands was intended, and that the advances made by the garnishee on account of such lands were not intended as loans to the defendant. The garnishee is therefore not liable as such for profits realized by him over and above lawful interest on the moneys so advanced.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff brought an action in the circuit court against Neils C. Frederiksen on certain promissory notes, and at the same time caused the respondent, *John Johnston,* to be summoned as a garnishee. The latter interposed a denial of liability, in the statutory form, and plaintiff took issue on his answer. Plaintiff recovered judgment against Frederiksen for over $111,000. The garnishee action was afterwards tried, and resulted in a finding of fact and conclusion of law that, when the affidavit and summons therein were served upon *Mr. Johnston,* he was "then, and is now, in no manner and upon no account whatever, indebted to, or under liability to, the defendant Neils C. Frederiksen, and that he then and now had not in his possession, or under his control, any real estate or personal property, effects, or credits, of any description whatever, belonging to said defendant, or in which said defendant had any interest, and was in no manner liable as garnishee in this action." The facts are sufficiently stated in the opinion.

Judgment was thereupon entered for the garnishee, dismissing the action on the merits, with costs. Plaintiff appeals from the judgment.

*N. S. Murphey*, for the appellant.

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*

LYON, C. J. In 1883 the defendant in the original action, Neils C. Frederiksen, was a dealer in lands, and in October of that year, in the course of such business, purchased of the state of Minnesota 16,000 acres of school and internal improvement lands in that state, on which an immediate payment of $1 per acre was required. The balance of the purchase price remained on credit, subject to the payment of interest thereon. In November of that year Frederiksen and the respondent, *John Johnston*, entered into an agreement in writing in which it is recited that the respondent had purchased such lands of Frederiksen, and had received a general assignment of the certificates issued to him therefor by the state of Minnesota; that he had appointed Frederiksen his general agent for the sale of the lands, the latter agreeing to sell the same before November 1, 1884, on terms satisfactory to respondent; and that respondent had agreed to pay Frederiksen, as commissions for services in making such sales, two thirds of the profits arising upon such sales, after deducting commissions of Frederiksen's agents for assisting in making such sales. The agreement provided that, except such commissions of subagents, Frederiksen should pay all expenses in the handling and sales of the lands, together with all taxes and all future instalments of interest due the state on lands remaining unsold, and should pay respondent interest after June 1, 1884, on money paid by the latter on account of lands not sold at that date, until the same should be sold. The respondent was therein authorized, on thirty days' notice, to terminate the agreement and appoint another agent.

In May, 1884, each party purchased more of the same

classes of lands of the state of Minnesota. Frederiksen assigned his certificates to respondent, and all such lands were, by mutual agreement of the parties, included in the contract of November, 1883.

In January, 1885, the parties entered into another agreement in writing in respect to such lands, reciting therein what had been done under the agreement of 1883, and giving respondent sole power to make collections on sales of the lands, and providing that he should retain sufficient of the proceeds to pay the amount advanced or invested by him, and one third of the profits; also, that he might retain out of Frederiksen's share of such profits all moneys advanced or loaned to him, and all money due for interest, taxes, and interest paid the state of Minnesota by respondent, which Frederiksen had theretofore agreed to pay. Frederiksen also agreed therein to pay interest on the amount invested in said lands by respondent until the same should be paid. The last agreement contains restrictions on Frederiksen as to terms of sales, and gives respondent the right to terminate the agreement peremptorily.

In October, 1885, respondent and Frederiksen settled up this whole land deal, the latter retaining the unsold lands, and the former the contracts and securities for lands sold, on an agreed estimate of value; and respondent paid Frederiksen a sum of money to balance the account. The respondent closed out his securities, and had a surplus of receipts on account of such lands over and above disbursements (excluding interest) of nearly $20,000; that is to say, he received in all a little less than $65,000, and disbursed on account of such lands something over $45,000. Frederiksen never paid any interest under the contracts.

The claim of plaintiff is that the money paid by respondent or advanced to Frederiksen on account of such lands was a loan, and that respondent held the legal title to the land as security therefor. On the trial his counsel

stated that the plaintiff's claim was "for a judgment against *John Johnston* for about $21,000 in the nature of usurious interest collected from said Frederiksen at a time when said Frederiksen was insolvent." The defendant's theory of the case is that the whole transaction was a joint enterprise, and that the relation existing between the parties thereto was that of partners, and not of debtor and creditor.

The oral testimony introduced on the trial on behalf of plaintiff,— except some given by other witnesses, tending to show the insolvency of Frederiksen during the time, or à portion of it, covered by these land transactions,— was all given by the respondent.

While there are some expressions in the agreements of the parties from which it may be plausibly argued that the advances made on account of such lands by the respondent were intended by those parties as loans to Frederiksen, yet numerous provisions in the instruments, and the general scope thereof, strongly negative the theory of loans, and force the conviction upon our minds that a joint adventure in the buying and selling of the Minnesota lands was intended, in which the respondent was to furnish, and did furnish, the necessary funds to prosecute it, and Frederiksen, who was an expert in the business, was to make the sales and pay over the proceeds thereof to respondent for final adjustment and division of profits on the basis of the agreements. The respondent testified that such was the understanding and agreement of the parties, and that a loan by him to Frederiksen was not contemplated. We do not say what weight is to be given to such parol testimony.

A fair test of the character of these advances is to suppose the deal to have been a losing one,' and that sufficient money was not realized from the proceeds of sales to pay respondent his advances and interest, and then to inquire

Commercial Bank of Milwaukee vs. Fire Ins. Co. of Philadelphia County.

whether, under such agreements, respondent would have a right of action against Frederiksen to recover the deficiency, as he necessarily would have were his advances loans. We search the agreements in vain to find any provision which gives any such right of action. The circuit court found, in effect, that the deal was a joint adventure, and not a loan. It will accomplish no useful purpose to discuss the testimony in detail. It must suffice to say that, on the testimony preserved in the record, we cannot properly disturb the finding of the circuit court.

It becomes unnecessary to determine the questions much discussed in the argument, as to whether the profits of the respondent in the land deal are in the nature of usurious interest paid him by Frederiksen, and, if so, whether respondent can be held liable therefor in this action as a garnishee. Neither is it necessary to consider the question of Frederiksen's alleged insolvency, or the effect of it.

*By the Court.*— The judgment of the circuit court is affirmed.